UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 10-CV-036-HRW

MARK VAN NEST                                                                              PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

J.C. HOLLAND, Warden                                                                    RESPONDENT

\* \* \* \*

Mark Van Nest, who is in the custody of the Federal Bureau of Prisons ("BOP") and confined in the Federal Prison Camp, in Ashland, Kentucky, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The Petition is before the Court for an initial review. 28 U.S.C. § 2243; *Harper v. Thoms,* 2002 WL 31388736, \*1 (6th Cir. 2002).[1] For the reasons set forth below, the Court will deny the Petition and dismiss this cause of action.

### ALLEGATIONS AND CLAIMS

Petitioner writes that he pled guilty to bank fraud in *United States v. Mark Van Nest,* No. 3:07-CR-00141-TMR-1, in the United States District Court for the Southern District of Ohio. On January 8, 2008, he was sentenced to 51 months incarceration and four years supervised release, plus

---

[1] As this litigant is appearing *pro se,* his pleadings are held to less stringent standards than those drafted by attorneys. *Burton v. Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations are taken as true and liberally construed in his favor. *Urbina v. Thoms,* 270 F.3d 292, 295 (6th Cir. 2001); *see also* 28 U.S.C. § 1915A(b). But the Court may dismiss a Petition at any time after review, or make such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill,* 481 U.S. 770, 775 (1987); *Blevins v. Lamanna,* 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970).

restitution and community service. The record in the trial court reveals that a few days later, on January 11th, the written Judgment was entered, and on February 20, 2008, the Petitioner voluntarily surrendered at the Ashland facility for service of the sentence.

In the two years that followed, Van Nest did not appeal the conviction or sentence; nor did he collaterally challenge any aspect of the criminal proceedings against him. Regardless, he has now joined the ranks of *pro se* prisoner-litigants seeking relief from their convictions and/or sentences by completing and submitting a form for initiating a proceeding pursuant to 28 U.S.C. § 2241, in the federal court in the district in which he is incarcerated.

On the Section 2241 form, Van Nest presents the following grounds for relief: (1) counsel failed to raise ratification as a defense to the charge against him and failed raise issues which would have lead to a shorter sentence; (2) after he pled guilty, new evidence "should have lowered the loss incurred by victim;" (3) counsel failed "to obtain F.B.I. documents relating to computation of losses" prior to plea negotiations; and (4) the assistance rendered by his counsel was so ineffective that Van Nest did not know/understand the consequences of entering the negotiated plea.

Accordingly, Petitioner asks that his guilty plea and conviction be vacated; in the alternative, that he have a new trial or a hearing on the above enumerated issues; and that there be an accounting on the loss amounts.

## DISCUSSION

The general rule is that 28 U.S.C. § 2241 permits challenges to official action affecting execution of sentence, such as the computation of sentence credits or parole eligibility. *United States v. Jalili,* 925 F.2d 889, 894 (6th Cir. 1999). It is 28 U.S.C. § 2255 which relates to the validity of the conviction and/or sentence of federal prisoners. *See DeSimone v. Lacy,* 805 F.2d 321, 323 (8th

2

Cir. 1986) (per curiam); *Cohen v. United States,* 593 F.2d 766, 770-71 (6th Cir. 1979).

Accordingly, a federal prisoner, such as the instant Petitioner, must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 in the trial court. *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 2003). The record in Petitioner's criminal case confirms that he did not, however, submit a Section 2255 Motion attacking his conviction or sentence to the trial court. Nor did he appeal the conviction or sentence to the circuit court. The time has now run for his doing either. The instant cause of action appears to be the only challenge which Van Nest has mounted.

Petitioners who have lost in or passed by an opportunity to raise a claim regarding the legality of their conviction(s) or sentence(s) via a Section 2255 Motion, are not permitted to later raise them under Section 2241, unless they meet the one exception to the general rule. A subsection of Section 2255, commonly called "the savings clause," permits a prisoner to seek habeas corpus relief from the court in the district where he is confined under Section 2241, if he can demonstrate that his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e).

Case law has developed interpreting the language in the savings clause. *See Charles v. Chandler,* 180 F.3d 753, 756-58 (6th Cir. 1999). Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner had an earlier unsuccessful Section 2255 motion, or after he has been denied permission to bring a successive motion, or when he has let the one-year statute of limitations run before bringing a Section 2255 motion. *Id.* at 757. Nor is the remedy under Section 2241 an additional, alterative or supplemental remedy to a remedy under Section 2255. *Id.* at 758.

Further, in addition to demonstrating that the remedy via Section 2255 is inadequate or

3

ineffective, the Sixth Circuit has acknowledged that there is another requirement for use of the savings clause, a requirement which is also not met in this case. In addition to presenting circumstances which render Section 2255 inadequate or ineffective to raise an issue in the trial court, the prisoner seeking to use Section 2241 must also have a claim of "actual innocence." *Martin v. Perez,* 319 F.3d 799 (6th Cir. 2003).

Actual innocence means factual innocence, which is explained by the Sixth Circuit to mean innocence of criminal conduct. *Id.* at 805. An actual innocence claim arises when a prisoner was convicted under a criminal statute whose terms were thereafter interpreted by the United States Supreme Court in such a way that there is a risk that the Petitioner was convicted of conduct that the law does not make illegal. *Id.* Hence, only by an intervening Supreme Court decision defining the criminal statute can a petitioner be rendered "actually innocent" of the crime for which he was convicted, so as to qualify to use Section 2241 jurisdiction.

Case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of *the underlying offense charged in the indictment. See Hernandez-Escarsega v. Morris,* 43 Fed.Appx. 181, 183, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual, innocence); *Reyes-Requena v. United States,* 243 F.3d at 903-04 (same); *Whitener v. Snyder,* 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. September 24, 2001) (same). *See also United States v. Peterman,* 249 F.3d 458, 462 (6th Cir. 2001).

The threshold which any Section 2241 petitioner must meet under *Charles* and *Martin* is a high one, and one which the instant Petitioner fails to reach. Nor have many other petitioners met these same requirements. *See, e.g., Leslie v. United States,* 89 Fed.Appx. 960, 2004 WL 253362 (6th

4

Cir. 2004) (unpublished) (affirming dismissal); *Okoro v. Scibana*, 201 F.3d 441, 1999 WL 1252871 (6th Cir. 1999) (unpublished) (same); *Casas v. Booker*, No. 05-CV-055-JBC, 2007 WL 647563 (E.D. February 26, 2007) (*sua sponte* dismissal, the Honorable Jennifer B. Coffman presiding).

It is a petitioner's burden to prove that his remedy under § 2255 is actually inadequate or ineffective (*Charles*, 180 F.3d at 756) and that he is actually innocent of conduct that is criminal (*Martin*, 319 F.3d at 799). It is a burden that the instant Petitioner has failed to carry.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)  Mark Van Nest's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, is **DENIED**; and

(2)  this action will be **DISMISSED**, *sua sponte*, from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 21st day of May, 2010.

HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE